# NEW YORK SUPERIOR COURT.

ERNST METTLESTADT, by his guardian LEOPOLD METTLESTADT, appellant agt. THE NINTH AVENUE RAILROAD COMPANY, respondents.

It cannot be stated as a general rule, that a passenger who leaves a railroad car while in motion, and is thereby injured, is guilty of negligence *as a matter of law.*

Where a boy about fourteen years of age, was riding upon the top of a city railroad car, as a passenger—the car being full inside—having paid his fare, and on arriving at the corner of a certain street, requested the driver to stop as he wished to get off, but the driver did not stop, and on going about half the block at a moderate speed, the boy undertook to get off the car, and in doing so the driver caught him by his head—pulled off his cap and struck at him with his whip, and in attempting to avoid the blow from the whip the boy fell under the car and had one foot run over and severely injured :

*Held*, that these facts appearing in evidence on the trial, the case should have been submitted to the jury. A judgment of dismissal of the complaint, on the ground that the getting off the car while in motion, was negligence on the part of the plaintiff, reversed, and a new trial ordered, with costs to abide the event.

*Heard at General Term in May*, 1866. *Decided in February*, 1867.

*Before* ROBERTSON, *C. J.,* MONELL *and* GARVIN, *Justices.*

THE plaintiff and his companion, a boy about the same age, on the 7th day of September, 1865, got on to one of the defendants one-horse cars at Lispenard street, for the purpose of being taken to Forty-third street, and paid their fare.

Just before they arrived at Forty-third street the plaintiff requested the conductor and driver to stop the car, and let him off at Forty-third street. The conductor did not stop the car at Forty-third street, as requested. The plaintiff's companion got off at Forty-third street safely, while the car was in motion.

The plaintiff having been carried beyond Forty-third street, attempted, when about the middle of the block between Forty-third and Forty-fourth streets, to get off the car, the driver still persisting in his refusal to stop and let him off.

As the plaintiff started to get off, the conductor took off the plaintiff's cap ; and as he reached up one hand to get

Mettlestadt agt. The Ninth Avenue Railroad Co.

his cap, the driver struck him with his whip. The plaintiff in attempting to avoid the blow fell, and the wheel of the car passed over his foot, and injured it severely.

On the trial, before Mr. Justice Jones and a jury, after these facts were proved, the court on defendants' motion dismissed the complaint, giving the following opinion :

Jones, J. I think the plaintiff must be non-suited. The facts are all conceded, and the question is a question of law. I think the getting off the car while in motion, was negligence on the part of the plaintiff. It is true, it is difficult to get these cars to stop either to get off or on, and perhaps it would be well to sustain actions of this sort, for the purpose of preventing the employment of drivers and conductors by railroad companies, that will not accommodate the public by stopping. I do not feel inclined to go against what I have understood always to be the law in cases of this kind, for the purpose of establishing a doctrine with a view of compelling stoppages. If that is to be accomplished in any way, it must be accomplished in some other way, either by application to the legislature or to the common council, or by some other means that may be devised. The legislature may have power to pass an act that in case the drivers do not stop, the corporations shall be liable for all damages resulting from it. I do not see why, upon principle, the defendant should not be equally as liable for damage incurred by attempting to get on a car in motion, when the driver rsfuses to stop, as by getting off a car in motion, when the driver refuses to stop. In either case, it may be equally as important for him to get on the car as to get off the car.

I therefore think this motion must be granted, and I will direct the exceptions to be heard in the first instance at the general term.

Ira D. Warren, *for appellant.*

I. The court erred in dismissing the complaint. The question whether or not the plaintiff was negligent, from all the

facts proved, was one peculiarly for the jury, and should have been submitted to them under proper instructions.

Negligence is "the omission of that degree of care which a man of common prudence takes of his own concerns." (*Keller* agt. *The N. Y. C. R. R. Co. Court of Appeals*, 24 *How.* 173 ; *Burrill's Law Dictionary*, 741.)

Whether, under the circumstances of this case, the plaintiff omitted to act with common prudence, was a fact which should have been left to the jury.

The plaintiff had a right to get out of the car at Forty-third street, and the company were guilty of a gross violation of their duty towards him in keeping their car in motion when he requested them to stop.

Whether it was an omission of common prudence to get off the car under such circumstances, is just such a question as should have been left to the jury. (*Bernhardt* agt. *R. and S. R. R. Co.* 32 *Barb.* 169 ; see *opinion of Justice* JOHNSON ; *Ireland* agt. *O. and H. P. R. R. Co.* 3 *Kern.* 533 ; *Mayor* agt. *Brooklyn City R. R. Co.* 36 *Barb.* 241 ; *Clark* agt. *Eighth Av. R. R. Co.* 32 *Barb.* 657 ; *Fero* agt. *B. and S. L. R. R. Co.* 22 *N. Y.* 209 ; *Buel* agt. *N. Y. C. R. R. Co.* 31 *N. Y.* 319 ; *Been* agt. *Housatonic R. R. Co.* 19 *Conn.* 566 ; 2 *Smith & Bates' Am. R. R. Cases*, 114.)

II. It is not such concurring negligence for a passenger to get off a street car while in motion, when he has previously requested the conductor to stop, and he refuses to do so at the proper time and place, as to deprive him of his action for damages, in case the damages were the result of their refusal to stop the car.

The fault is all with the company. Had they stopped the car, as they were bound to do, no accident could have occurred. This case differs from any reported case, as in this case the defendants had control of the plaintiff's person, and his action was brought about by conduct of the company while grossly violating their duty towards him. Having by their own conduct induced his action, they cannot now attribute that action to him as negligence. In other words, the author of a wrong, who has put a person in a

position in which he had no right to put him, shall not take advantage of his own illegal act (*Broom's Legal Max. 4th ed.* 204).

III. Assuming that the plaintiff was negligent in getting off the car while it was in motion, yet "where the defendants' negligence was the proximate, and that of the plaintiff remote, the plaintiff is entitled to recover." (*Button* agt. *H. R. R. R. Co.* 18 *N. Y.* 248 ; *Caldwell* agt. *Indianapolis R. R. Co.*)

The plaintiff's companion had got off the car while it was in motion, safely. When the plaintiff attempted to get off, the driver took him by the hair, and took off his cap. He reached up one hand to get his cap, and as he did so the driver struck him with his whip. In trying to avoid the blow, he fell and was injured.

It appears from the evidence that the accident was directly and wholly attributable to the driver's conduct in playing with the boy and neglecting his duty.

Whether the accident was attributable to the driver's conduct alone, is a question which should have been left to the jury to determine. (*Hogan* agt. *Eighth Av. R. R. Co.* 15 *N. Y.* 383 ; *Keller* agt. *N. Y. C. R. R. Co.* 24 *How.* 173.)

IV. The judgment should be reversed, and a new trial ordered

JOHN W. ASHMEAD, *for respondent.*

*First.* A party seeking his remedy in damages caused by the negligence of another, cannot recover if his own negligence contributed to the act. The burden is on him to prove affirmatively that he was guiltless of any negligence contributing to the injury (*Butler* agt. *Hudson River Railroad Co.* 18 *N. Y.* 248).

*Second.* "Negligence is the violation of the obligations which enjoin care and caution in what we do. It is either omitting to do something that a reasonable man would do, or the doing something that a reasonable man would not do, in either case causing mischief to a third person—not *intentionally*, for then it would not be negligence." (*Per Baron*

ALDERSON, *in Blyth* agt. *Birmingham Water Works*, 36 *English Law and Equity*, 506, 508; *see also Carroll* agt. *New York and New Haven Railroad Co.* 1 *Duer*, 571.)

*Third.* There must be affirmative proof of due care *at the very time of the accident*, and it is said, neither the urgency of business nor the calls of humanity can be taken into account (*Hyde* agt. *Jamacia*, 1 *Williams*, 44).

*Fourth.* In an action against a railroad company for injuries, where both parties are at fault, the test of the defendants' liability, no design being attributed to them, is whether the injury could have been avoided by ordinary care on the part of the plaintiff (*Brooks* agt. *Buffalo Railroad Co.* 25 *Barb.* 600).

*Fifth.* If the injury was caused by the concurring negligence of both parties, neither can recover against the other, and the defendant is entitled to a verdict (*Owen* agt. *Hudson River Railroad Co.* 7 *Bosw. N. Y.* 329).

*Sixth.*—When a railroad company provides a platform or other safe means of exit from their cars at a station, it is the duty of passengers to leave by the way provided, unless it be unsafe, or a justifying necessity exists to escape from peril or injury to life or limb; and it is error to admit evidence to be given to the jury, that persons were in the habit of getting out of the car on the side opposite the platform (*Pennsylvania Railroad Co.* agt. *Zebe and wife*, 37 *Penn.* 430).

*Seventh.* In order to maintain an action against a corporation for an injury sustained while leaving the cars, the plaintiff must show that he exercised due care; that the corporation were wanting in ordinary care, and that such negligence was the cause of the injury; and if he attempts to leave the cars after they have started, or finding them in motion as he is going out, persists in making progress to get out, and his attempt causes or contributes to his injury, he cannot recover (*Lucas, Administrator* agt. *New Bedford and Taunton Railroad Co.* 6 *Gray*, 64).

Judge METCALF, in delivering the opinion of the court, says : " It is objected to the first of these rulings, that it assumed what should have been left to the jury; that Mrs. Lucas was

not entitled to special notice of the starting of the train. We have already disposed of this objection by deciding that she was not entitled to such notice. It is further objected, that the effect of this was, that Mrs. Lucas was wanting in ordinary care in not leaving the cars before their time of starting. But this was not its precise effect. Its effect was, that she was wanting in ordinary care in attempting to leave the cars when they were in motion. And of this it is impossible for us to entertain a doubt."

He then adds : " The other objection to the second ruling, that it left to Mrs. Lucas no *locus penitentiæ,* is to be answered in the same manner as the first objection. The exception states that she went out of the door of the car on the platform, after the cars had begun to move."

On a review of the decisions, we think the following propositions of law are fully established :

*First.* That a party who attempts to get off a railroad car while it is in motion, or seeing it in motion, persists in getting off, and is injured in so doing, is guilty of such negligence in law as will defeat his action.

*Second.* That the only adjudicated exception to the above rule is, when a passenger is upon a train, and he sees two trains approaching upon the same track, at such a rate of speed as will make a serious collision inevitable, then the imminent peril to which he is exposed will justify him in quitting the car, and making an attempt to save his life.

*Third.* That the same rule of law upon the subject of negligence, which will defeat the action of an adult person, will be applied in its full significance to a minor above the age of fourteen years.

*Fourth.* That the negligence on the part of a plaintiff, which contributed to produce an injury, and which will defeat his action, need not be gross negligence, but slight negligence will be sufficient.

*Fifth.* The defendant may have been guilty of gross negligence, adequate to have produced all the injury inflicted upon the plaintiff, yet if the plaintiff by slight negligence, contributed to his injury, he cannot recover. This is upon

the principle stated by Justice SANDFORD, in *Neal* agt. *Gillett*, that "for anything the court can see, although the defendant's negligence was gross, and fully adequate to the production of the injury, yet the plaintiff's exercise of reasonable care would have saved him from its consequences.

*Sixth.* When injury has been sustained, and both parties are in fault, and no design is imputable to the defendant, the true test of the defendant's liability is, could the injury have been avoided by ordinary care on the plaintiff's part? If it could, he must bear it.

To the foregoing may be added point—

*Seventh.* That if the occurrence for which the plaintiff sues was a mere accident, happening without negligence on the part of the servant of the defendant, then the plaintiff is not entitled to recover (1 *Hilliard on Torts*).

*Eighth.* When the suit is brought against the employer for the negligence of his servant, the injury must arise in the course of the execution of some service lawful in itself, but negligently performed; and not in a wanton violation of law by the servant, although occupied about the business of his employer (*Moor* agt. *Sanborne*, 2 *Mich.* 519).

*Ninth.* It must appear either that the master commanded the unlawful act, or that the injury resulted from the negligence of the servant while he was actually employed in his master's service (*Douglas* agt. *Stevens*, 18 *Miss.* 362). He is not liable for the willful wrong or trespass of the servant (*Hilliard on Torts*, 524).

*By the court*, GARVIN, J. The plaintiff in this case, in September, 1865, was on the top of one of the cars of the defendant as a passenger, where there were two others, with the driver. After descending from the car one of its wheels passed over his foot and injured him, for which injury, and the damage resulting therefrom, this action is brought.

Upon the trial the court dismissed the complaint, on the ground that the plaintiff was guilty of negligence, such as to defeat the action. The questions presented in this case upon the facts, are of such a character as should have been

submitted to the jury. It is not entirely clear the plaintiff would have left the car at the time he did, had it not been for the conduct of the driver. The motion of the car doubtless produced the injury; or in other words, if the car had been stationary the wheel would not have passed over his foot. If the driver had stopped and let the plaintiff off, no such injury would have occurred.

It was a clear case of negligence on the part of the defendant, but this is not enough to entitle the plaintiff to recover; the plaintiff must come into court without fault on his part. It was the duty of the driver to stop the car when requested by passengers, and let them off; but if he does not do so, this would not authorize a passenger to negligently expose himself to injury by jumping from the car when in rapid motion, such as to be dangerous to life or limb.

Whether the plaintiff would have got off the car had there been no interference with him by the driver, is not upon the evidence so free from doubt as to authorize the dismissal of the complaint for negligence on the part of the plaintiff. If the plaintiff left the car voluntarily, without interference on the part of the driver, that might constitute such negligence as to defeat the action, provided the car was moving at a high rate of speed. But if he merely rose up preparatory to leaving, indicating to the driver his determination to leave the car, in addition to the request he had already made, and thus induce the driver to stop; and then the driver pulled off his cap, and twice struck at him with a whip, and in dodging, plaintiff fell from the car and received the injury complained of, would present a very different case, and one upon which the court would not have been justified in dismissing the complaint. This version of the case might have been adopted by the jury, and we think is sustained by the evidence before us. Certain facts are undisputed:

1st. The plaintiff was a passenger upon the top of the car.

2d. The driver refused to stop the car when requested.

3d. Plaintiff left the car while it was in motion; but whether plaintiff left at the time he did of his own free will, or whether his action was precipitated by the conduct of the,

driver is not certain, although there was evidence tending to prove it of such a character, that undisputed as it was, in the absence of the testimony of the driver, that would have justified the jury in so finding. This question should have been submitted to the jury.

The evidence also shows that the car was moving at a slow rate of speed, and although the plaintiff was upon the top of the car, it was a question for the jury to say whether the plaintiff was guilty of a want of ordinary care and caution, in descending from the car under such circumstances. It is often quite as safe to step from a car in motion, as if it were stationary; depending upon the rate of speed at which it is moving. A car may be under such rapid headway as to make it imminently dangerous for passengers to leave it. It is not any particular rate of speed by which the conduct of the passengers is to be regulated in entering or leaving cars, that governs; but the rule is, that of exercising ordinary care and caution under the circumstances surrounding them.

It cannot, therefore, be said that the plaintiff, as a matter of law, was guilty of negligence in leaving the car while in motion, even if done voluntarily. Nor can it be successfully contended, that being upon the top of the car was evidence of negligence, for he was called up there by the driver, the car being full in the inside.

Thus far we have considered the case upon the evidence of the plaintiff, in connection with the undisputed facts of the case. We think the evidence of the plaintiff was susceptible of a construction entirely consistent with such want of negligence on his part, as to have required the submission of the case on his part to the jury.

But there is another view of this case which is equally controlling. The witness Hass, testified: "I saw the driver take hold of the boy by the head and by the cap; he took his cap away, then he let him have the cap; then he hit him with the whip; the car was going at slack rate of speed; I saw the boy trying to get off; after the driver hit the boy, he tried to dodge the blow of the whip (probably

the second blow), and by so doing, he fell and got under the car."

This evidence should have been submitted to the jury in connection with the testimony of the plaintiff; for whether this conduct of the driver was willful or negligent, or otherwise, if the plaintiff was without fault, the defendants are liable for such injuries done while driving a vehicle for the conveying of passengers, in the same manner as the driver would be liable himself (1 *R. S.* §§ 6 *and* 7, *p.* 649).

If the jury had found upon these facts, that the act was willful or wanton on the part of the driver, the plaintiff would have been entitled to recover. We must, therefore, sustain the exceptions taken by the plaintiff, and order a new trial, with costs to abide the event.

Judgment reversed.